IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| William Roy Grubb, | ) | |
| | ) | C.A. No. 5:20-03109-HMH-KDW |
| Petitioner, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] William Roy Grubb ("Grubb"), a pro se federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

Grubb is currently incarcerated at Federal Correctional Institution Williamsburg in the custody of the Federal Bureau of Prisons ("BOP"). (§ 2241 Pet., ECF No. 1.) On September 29, 2015, Grubb was arrested by local authorities in Wilkes County, North Carolina, for

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

interference with a monitoring device and obstructing justice. (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 9), ECF No. 12-1.) On October 21, 2015, Grubb was sentenced to one year and three months' imprisonment for obstructing justice. (Id. Ex. 1 (Rohmer Dec. ¶ 10 & Attach. 1), ECF No. 12-1.) This sentence was imposed to run concurrent to a nine month term of imprisonment for a post-release revocation. (Id. Ex. 1 (Rohmer Dec. ¶ 11 & Attach. 1), ECF No. 12-1.)

The United States Marshals Service borrowed Grubbs from the State of North Carolina pursuant to a writ of habeas corpus ad prosequendum on November 20, 2015. (Id. Ex. 1 (Rohmer Dec. ¶ 14 & Attach. 2), ECF No. 12-1.) See United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) ("[A] writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works [as] a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . .") (internal quotation marks omitted). Grubb completed his state sentence on June 25, 2016. (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 15 & Attach. 1 & 2), ECF No. 12-1.) On October 3, 2016, Grubb was sentenced in the United States District Court for the Western District of North Carolina to 151 months' imprisonment for conspiracy to distribute and to possess with intent to distribute methamphetamine. (Id. Ex. 1 (Rohmer Dec. ¶ 16 & Attach. 3), ECF No. 12-1.) Grubb's federal sentence was computed to commence on October 3, 2016, the date it was imposed by the district court. (Id. Ex. 1 (Rohmer Dec. ¶ 18 & Attach. 4), ECF No. 12-1.) Grubb was awarded prior custody credit from June 26, 2016, the day after he completed his state sentence, through October 2, 2016, the day before his federal sentence was imposed. (Id. Ex. 1 (Rohmer Dec. ¶ 19 & Attach. 4), ECF No. 12-1.)

In April 2019, Grubb filed a request for a nunc pro tunc designation asking that the BOP give him prior custody credit, from November 20, 2015 to October 3, 2016, for the time he spent in state custody while on a federal writ. (Id. Ex. 1 (Rohmer Dec. ¶¶ 6-7, 20 & Attach. 1 &

5), ECF No. 12-1.)  The Designation and Sentence Computation Center ("DSCC") Barden[2] Review team found Grubb was ineligible for a nunc pro tunc designation because Grubb's state sentence was imposed before and ended before the federal sentence was imposed.  (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 20 & Attach. 1 & 5), ECF No. 12-1.)

On August 25, 2020,[3] Grubb filed the instant petition pursuant to § 2241, arguing that the BOP (1) erred in denying his request for a nunc pro tunc designation or retroactive concurrent credit and (2) erred in refusing to give him credit for his federal sentence for time served from November 20, 2015 to June 25, 2016.[4]  (§ 2241 Petition, generally, ECF No. 1.)  Respondent filed a motion for summary judgment on October 23, 2020.  (Mot. Summ. J., ECF No. 12.)  On November 30, 2020, Grubb filed a response in opposition.  (Resp., ECF No. 15.)  Magistrate Judge West issued a Report and Recommendation on March 16, 2021, recommending granting Respondent's motion for summary judgment.  (R&R, ECF No. 19.)  After receiving an extension, Grubb filed objections on March 31, 2021.[5]  (Objs., ECF No. 25.)  This matter is now ripe for consideration.

---

[2] Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

[3] See Houston v. Lack, 487 U.S. 266 (1988).

[4] Grubb argues he should have received prior custody credit from November 20, 2015 to October 3, 2016.  (§ 2241 Petition, 4, ECF No. 1.)  As stated above, Grubb received credit from June 26, 2016 to October 2, 2016.  (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 19 & Attach. 4), ECF No. 12-1.)  Thus, the time period in issue in the instant petition is November 20, 2015 to June 25, 2016, the time Grubb was serving his state sentence while on a federal writ.  (See R&R 6-10, ECF No. 19.)

[5] See Houston v. Lack, 487 U.S. 266 (1988).

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate

4

review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Upon review, the court was able to glean one specific objection. Grubb objects to the magistrate judge's conclusion that the BOP did not err in denying his nunc pro tunc request. (Objs., generally, ECF No. 25.)

Grubb argues that he did not receive a fair or impartial Barden review because the BOP did not consider the relevant statutory authorities. (Id., generally, ECF No. 25.) Grubb notes that a nunc pro tunc designation allows a state sentence, which would otherwise run consecutively, to run concurrently with a federal sentence. (Id. at 6, ECF No. 25.) However, as the BOP and the report and recommendation explained, the sentences at issue were not consecutive. (See R&R, 6-10, ECF 19); (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 20 & Attach. 1 & 5), ECF No. 12-1.) It is undisputed that Grubb's state sentence was imposed and ended before his federal sentence was imposed. (R&R, 6-10, ECF 19); (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 20 & Attach. 1 & 5), ECF No. 12-1.) Grubb's state sentence ended on June 25, 2016. (R&R 8, ECF 19); (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 15 & Attach. 1 & 2), ECF No. 12-1.) Grubb's federal sentence was imposed and commenced on October 3, 2016. (R&R 6-7, ECF 19); (Mot. Summ. J. Ex. 1 (Rohmer Dec. ¶ 18 & Attach. 4), ECF No. 12-1.) A federal sentence cannot commence before it is imposed. See 18 U.S.C. § 3585(a). Thus, even if the BOP had designated Grubb's place of confinement as a state facility, his federal sentence did not

commence until after his state sentence ended.  See, e.g., Mills v. Quintana, No. 10-3004, 2010 WL 50271660, at *3 (3d Cir. Dec. 10, 2010) (unpublished).

Upon review, the court finds the magistrate judge did not err in finding that the BOP reasonably declined to award Grubb nunc pro tunc relief.  Grubb's objection is without merit.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.  Based on the foregoing, the court grants Respondent's motion for summary judgment.

Therefore, it is

**ORDERED** that Respondent's motion for summary judgment, docket number 12, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 30, 2021

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.